## DAVID STEWART, Executor of Margaret Kennedy, v. WILLIAM KENNEDY and MARGARET KENNEDY, Surviving Children of David Kennedy.

Orphans' Court. Kent. August, 1817.

*Ridgely's Notebook I, 138.*

*Ridgely* for the appellant.

BY THE COURT. Doctor Stewart, the executor of Margaret Kennedy, claims one third part of the residue of the personal estate of her husband, David Kennedy, on the supposition that that residue was not disposed of by his will, and that she, as his widow, was entitled to one third part thereof under the intestate laws of this state.

The first question which offers is, whether the testator did die intestate as to this residue. Secondly, whether the executors took this residue beneficially or as trustees; and thirdly, whether Margaret, the widow, was, in any event, entitled to any part of the residue.

It seems to be admitted by the exceptions taken to the account passed by the Register that the executors were not entitled to the residue; otherwise Margaret Kennedy would have had a right to a moiety. There is no express gift to the executors of this residue; neither is it plainly inferred by any part of the will. On the contrary, the directions to sell the personal estate not given away, and after the payment of debts, legacies and funeral expenses to lay out all monies going into their hands from his estate in the purchase of bank stock, clearly imply an intention in the testator different from that of bequeathing the residue to the executors. Had he intended that they should take, he would in all probability have left the management of this residue to their own discretion. Further, the devise to Margaret Kennedy, his wife, of the horse and carriage, and feather bed and furniture in lieu of her third of the personal estate leaves no doubt that he did not intend that she should take to her own benefit a portion of this residue; and consequently the executors are not entitled to this residue by any express declaration or plain inference. To support the devise to them, both must take. There is no case where one executor is a trustee and the other is not, and consequently they both hold whatever is disposed of under the will, as trustees. For the cases on this subject see *White v. Evans,* 4 Ves.Jr. 21; *Clennel v. Lewthwaite,* 2 Ves.Jr. 465, 644; and the cases on this subject remarkably well stated and digested in Mr. Cox's [1] note upon *Farrington v. Knightly,* 1 P.Wms. 550.

If this residue was not given to the executors for their own use, to whom was it given? Clearly no part of it was given to Margaret Kennedy, the wife. The testator gave her a horse, carriage, bed and furniture in lieu of her third of his personal estate. He has here expressly negatived to her taking any part of the personal estate other than the articles specifically be-

---

[1] Samuel Compton Cox, editor of the fourth edition of Peere Williams's Reports.

queathed. He, or the writer of the will, probably supposed that whether he died testate or intestate, she would be entitled to a third part of the residue unless he expressly cut her off, as it is commonly called, or forbid her to take any part of it. This was not necessary, for she could take nothing but by his will, except in case of intestacy. It proves, though, most unequivocally, that as to her he did not die intestate; and that he manifestly intended that she should take nothing as his widow. The amount of his bounty to her was the articles given to her; and beyond those he denies her any share. I cannot conceive how she could possibly take any other part of the personal estate, when he so clearly and intentionally withholds it from her. I am warranted in principle in this opinion; but I am not without authority. In *Brasbridge and others v. Woodroffe*, 2 Atk. 68, it was decreed that, though the executors had legacies, yet as the testatrix had always declared the next of kin should have nothing, the executors should take the undisposed residue; because, as the Master of the Rolls said, if he should give the residue to the next of kin, he should give it contrary to the intention of the testator.

It follows then that as this residue was not given to the executors, and as the widow is not entitled as widow to any portion of it, that it must be distributed among the children of the testator, David Kennedy; and consequently that the account passed before the Register is right.

Appeal dismissed, account confirmed, and appellant to pay costs.